Robert G. CHEW, Plaintiff,

v.

E. R. QUESADA, As Administrator of the Federal Aviation Agency, an Agency of the United States of America, Defendant.

Civ. A. No. 461–60.

United States District Court
District of Columbia.

March 14, 1960.

Henry C. Vogel and N. G. Durant, Miami, Fla., Francis J. FitzGerald, Silver Spring, Md., for plaintiff.

Donald B. MacGuineas, Dept. of Justice, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This is a suit for a declaratory judgment brought by a pilot of air carrier aircraft who recently attained the age of 60. Plaintiff asks the Court to enjoin the enforcement of, and declare invalid, a regulation promulgated by the defendant in his capacity as Administrator of the Federal Aviation Agency. The regulation, 14 C.F.R. §§ 40.260(b), 41.48(e) and 42.40(c) provides:

"No individual who has reached his 60th birthday shall be utilized or serve as a pilot on any aircraft while engaged in air carrier operations.

"This amendment shall become effective March 15, 1960." (24 Fed. Reg. 9768, 9773, 9778; December 1, 1959).

The Federal Aviation Act of 1958 [1] was enacted "to establish a new Federal agency with powers adequate to enable it to provide for the safe and efficient use of the navigable airspace by both civil and military operations"; [2] it gives to the Administrator the power and the duty to prescribe regulations "to promote safety of flight of civil aircraft in air commerce". [3] Accordingly, after extensive investigation and study, which led the defendant to believe that the existing absence of any maximum age limit for pilots should be remedied in light of medical information regarding the increased probability of sudden incapacitating maladies in any group reaching 60, the defendant circulated to the aviation industry and published in the Federal Register [4] a Notice of Proposed Rulemaking along with the regulation quoted above.

■ Both parties have now moved for summary judgment and since the material facts are not in dispute and only a question of law is involved, the Court is free to grant summary judgment.

The plaintiff confined his oral argument to the contention that the regulation is invalid because "Congress itself does not have the power, even in the interest of safety, to make age the conclusive criterion for compulsory retirement, it necessarily follows that Congress has not—yea, could not, delegate such power to the Defendant-Administrator." [5] The argument, then, is not that the safety of air carrier operations lies outside the ambit of Congress' power to regulate interstate commerce but that the method here chosen has as its basis an unacceptable criterion. The only authority cited to sustain the plaintiff's position is Railroad Retirement Board v. Alton Railroad Co., 1935, 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468; indeed, plaintiff characterized his position as one that "stands or falls" on Alton.

In Alton, the Supreme Court pronounced unconstitutional the Railroad Retirement Act [6] which had established a compulsory retirement and pension system for all carriers subject to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., with the pension fund to be composed of compulsory contributions by the employees and the carriers. Chief Justice Hughes dissented and was joined by Justices Brandeis, Stone and Cardozo.

The evidence is overwhelming that Alton is no longer controlling law. [7] But even if the Court were to accept that

1. Act of August 23, 1958, 72 Stat. 737, 49 U.S.C.A. § 1301 et seq.

2. House Report No. 2360, 85th Cong., 2d Sess. 1 (1958), U.S.Code Congressional and Administrative News, p. 3741.

3. § 601(a); 49 U.S.C.A. § 1421(a).

4. 24 Fed.Reg. 5247 (June 27, 1959).

5. Plaintiff's Memorandum in Support of Summary Judgment (March 11, 1960) p. 3.
   In plaintiff's memorandum it appears as if an additional argument is made: even assuming Congress has the power to authorize the promulgation of this regulation, it did not do so, but rather, by implication, prohibited such a regulation. Apparently, this contention has now been abandoned, but if that was not intended, the Court notes that in its opinion the argument is without merit and is based on a misapplied tool of statutory construction.

6. Act of June 27, 1934, 48 Stat. 1283, 45 U.S.C.A. §§ 201–214 note.

7. Professor Dowling has written that the dissenting opinion of Chief Justice Hughes "has since been accepted as the view of the Court" citing United States v. Lowden, 1939, 308 U.S. 225, 60 S.Ct. 248, 84 L.Ed. 208. Dowling, "Cases on Constitutional Law" 284, n. 1 (5th Ed. 1954). Lowden, couched in vote-getting language, did not expressly overrule Alton. However, its author, Justice Stone, was to say of Lowden: "[I]t serve[s] both as a footnote and a headstone for the earlier case [Railroad Retirement Board v. Alton Railroad Co.]" Mason, "Harlan Fiske Stone: Pillar of the Law" 556 (Viking Press 1956).
   Professor Corwin has pointed out in the monumental work he edited that leg-

case at its face value, it would be of no aid to the plaintiff here. What was involved in Alton was a compulsory retirement *and pension* plan. The majority saw no "reasonable relation" [8] between the safe operation of the railroads and the pensioning of employees over 65; any theory to justify such a relationship could only be based on a "contentment and satisfaction" theory of social progress—an impermissible concept since "[i]f contentment of the employee were an object for the attainment of which the regulatory power could be exerted, the courts could not question the wisdom of methods adopted for its advancement." [9] But even the majority opinion recognized that Congress might require outright

dismissal of aged workers, it just could not give them pensions.[10]

On the record before it, this Court is of the opinion that the regulation here attacked was promulgated in a valid exercise of validly delegated Congressional power and that the regulation is reasonably related to the achievement of the Administrator's purpose and duty: the promotion of safety in air commerce.

The plaintiff's motion for a temporary injunction and motion for summary judgment are denied. The defendant's motion for a summary judgment is granted. Counsel for the defendant is requested to prepare appropriate findings of fact, conclusions of law and order.

islation was enacted, after Alton, along the lines of the original plan, and its constitutionality "appears to be taken for granted in Railroad Retirement Board v. Duquesne Warehouse Co., 326 U.S. 446, [66 S.Ct. 238, 90 L.Ed. 192] (1946). Indeed, in a case decided in June, 1948, Justice Rutledge, speaking for a majority of the Court, listed the Alton case as one 'foredoomed to reversal', though the formal reversal has never taken place. See Mandeville Is. Farms v. American C. S. Co., 334 U.S. 219, 230 [68 S.Ct. 996, 92 L.Ed. 1328] (1948)." Sen.Doc.No. 170, 82d Cong., 2d Sess. entitled "The Constitution of the United States of America", at p. 143.

See Helvering v. Davis, 1937, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307, and Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, upholding the social security tax and old-age pension plan of the Social Security Act of August 14, 1935.

And see Wicks v. Southern Pacific Co., 9 Cir., 1956, 231 F.2d 130, 137, note 11 certiorari denied Wicks v. Brotherhood of Maintenance, 1956, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471.

8. "When the question is whether the Congress has properly exercised a granted

power the inquiry is whether the means adopted bear any reasonable relation to the ostensible exertion of the power." 295 U.S. at page 347, note 5, 55 S.Ct. at page 761.

9. 295 U.S. at page 368, 55 S.Ct. at page 771.

10. "If these ends [the promotion of efficiency, economy or safety] demand the elimination of aged employees, their retirement from the service would suffice to accomplish the object. * * * The relation of retirement to safety and efficiency is distinct from the relation of a pension to the same ends, and the two relationships are not to be confused." Majority opinion at page 367 of 295 U.S., at page 770 of 55 S.Ct.

Chief Justice Hughes' dissenting opinion stated the majority view as follows:

"Congress may, indeed, it seems to be assumed, compel the elimination of aged employees. A retirement act for that purpose might be passed. But not a pension act. The government's power is conceived [by the majority] to be limited to a requirement that the railroads dismiss their superannuated employees * * *" (295 U.S. at page 381, 55 S.Ct. at page 776).